## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

------------------------------------------------------------------------x

Casey Weigand,

                     Plaintiff,                                **C.A. No.:**

       -against-                                      **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
Transunion, LLC,
Pelican State Credit Union, Inc.,
TD Bank, N.A.,
Discover Bank,

                     Defendant(s).

------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Casey Weigand ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Transunion, LLC ("Transunion"), Defendant Pelican State Credit Union, Inc. ("Pelican"), Defendant TD Bank, N.A. ("TD"), and Defendant Discover Bank ("Discover") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## **<u>PARTIES</u>**

4. Plaintiff is a resident of the State of Louisiana, Parish of Livingston.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Louisiana, and may be served with process upon Corporation Service Company, its registered agent for service of process at 501 Louisiana Avenue, Baton Rouge, LA, 70802.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant TransUnion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

Defendant Transunion is a Delaware corporation registered to do business in the State of Louisiana, and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 501 Louisiana Avenue, Baton Rouge, LA, 70802.

10. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Pelican State Credit Union, Inc., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address at 3232 S. Sherwood Forest Blvd, Baton Rouge, LA, 70816.

13. Defendant TD Bank, N.A., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service at 1701 Marlton Pike E, Cherry Hill, NJ, 08003.

14. Defendant Discover Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address at 502 E Market Street, Greenwood, DE, 19950.

## **FACTUAL ALLEGATIONS**

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

Pelican Dispute and Violation (car loan ending in 0040)

16. On information and belief, on a date better known to Defendants Transunion and Equifax hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Pelican State car loan (ending in 0040 with a high balance of $18,214).

17. The inaccurate information furnished by Pelican and published by the Bureaus is inaccurate since the account contains an incorrect payment status of "Not more than two payments past due," or "30 days past due."

18. Upon information and belief, the Plaintiff has paid and closed this account.

19. Despite this payment, and the fact that the Plaintiff no longer had an obligation to Pelican, the Bureaus continue to report the Plaintiff status as "Not more than two payments past due," or "30 days past due."

20. The pay status is of significance. This field is specifically designed to be understood as the current status of the account. As such credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generate than a closed status.

21. In almost all instances' creditors make their credit lending decisions based on these automatically generated credit scores.

22. For this reason, it is not appropriate to state that when the report as read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false information.

23. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

24. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting on or around July 7, 2020.

25. It is believed and therefore averred that the Bureaus notified Defendant Pelican of the Plaintiffs' disputes.

26. Upon receipt of the disputes of the account from the Plaintiff by the Bureaus, Pelican failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

27. Had Pelican done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Pelican that the current payment status was improperly listed as past due.

28. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

29. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

30. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the payment status was improperly listed.

31. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

32. As a direct result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

<u>Pelican Dispute and Violation (car loan ending in 0041)</u>

33. On information and belief, on a date better known to Defendant Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Pelican State car loan (ending in 0041 with a high balance of $14,318).

34. The inaccurate information furnished by Defendant Pelican and published by Equifax is inaccurate since the account contains an incorrect current status of charged off, and/or paid charge off, when in fact this account was never a charged off account.

35. Upon information and belief, the Plaintiff sold this car in June 2019, and in order to do so had to pay the current Pelican loan off in full.

36. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

37. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting on or around July 7, 2020, and included in the dispute proof of the above referenced payment.

38. It is believed and therefore averred that Equifax notified Defendant Pelican of the Plaintiff's dispute.

39. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Pelican failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

40. Had Pelican done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Pelican that this account was never actually charged off and should not be reflected as such.

41. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

43. Had Equifax done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Equifax that the charge off status was improper.

44. Furthermore, Equifax failed to respond to the Plaintiff's dispute as required to do so under the law.

45. Plaintiff called Equifax in an effort to rectify this matter once she received no response in the mail and was to resend the dispute with her proof and identification which she did on or around September 15, 2020.

46. Despite the phone call and second dispute, Equifax still failed to respond to the Plaintiff or update the account as required by law.

47. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

48. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.


## TD Dispute and Violation

49. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her TD Bank Target store card.

50. The inaccurate information furnished by Defendant TD and published by Equifax is inaccurate since the account contains an incorrect current account status of "charged off."

51. Upon information and belief, the Plaintiff has paid this account.

52. Despite this payment, and the fact that the Plaintiff no longer had an obligation to TD, Equifax continues to report that the Plaintiff's account status as "charged off."

53. The pay status is of significance. This field is specifically designed to be understood as the current status of the account. As such credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generated than a closed status.

54. In almost all instances' creditors make their credit lending decisions based on these automatically generated credit scores.

55. For this reason, it is not appropriate to state that when the report as read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false information.

56. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

57. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting on or around July 7, 2020.

58. It is believed and therefore averred that Equifax notified Defendant TD of the Plaintiff's dispute.

59. Upon receipt of the dispute of the account from the Plaintiff by Equifax, TD failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

60. Had TD done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to TD that this account was paid and should no longer be in "charge off," status.

61. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Equifax did not timely evaluate or

consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

62. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

63. Had Equifax done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Equifax that the charge off status was improper.

64. Furthermore, Equifax failed to respond to the Plaintiff's dispute as required to do so under the law.

65. Plaintiff called Equifax in an effort to rectify this matter once she received no response in the mail and was to resend the dispute with her proof and identification which she did on or around September 15, 2020.

66. Despite the phone call and second dispute, Equifax still failed to respond to the Plaintiff or update the account as required by law.

67. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

68. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

<u>Discover Dispute and Violation</u>

69. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Discover Bank credit card.

70. The inaccurate information furnished by Defendant Discover and published by Equifax is inaccurate since the account contains an incorrect current account status of "charged off."

71. Upon information and belief, the Plaintiff has paid this account.

72. Despite this payment, and the fact that the Plaintiff no longer had an obligation to Discover, Equifax continues to report that the Plaintiff's account status as "charged off."

73. The pay status is of significance. This field is specifically designed to be understood as the current status of the account. As such credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generated than a closed status.

74. In almost all instances' creditors make their credit lending decisions based on these automatically generated credit scores.

75. For this reason, it is not appropriate to state that when the report as read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false information.

76. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

77. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting on or around July 7, 2020.

78. It is believed and therefore averred that Equifax notified Defendant Discover of the Plaintiff's dispute.

79. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Discover failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

80. Had Discover done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Discover that this account was paid and should no longer be in "charge off," status.

81. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

82. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

83. Had Equifax done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Equifax that the charge off status was improper.

84. Furthermore, Equifax failed to respond to the Plaintiff's dispute as required to do so under the law.

85. Plaintiff called Equifax in an effort to rectify this matter once she received no response in the mail and was to resend the dispute with her proof and identification which she did on or around September 15, 2020.

86. Despite the phone call and second dispute, Equifax still failed to respond to the Plaintiff or update the account as required by law.

87. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

88. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## **FIRST CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to Equifax)**

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

90. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

91. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

92. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

93. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

94. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

95. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

97. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

98. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

99. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

100.    As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

101.    The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

102.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **THIRD CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to Transunion)**

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

104. This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

105. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

106. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

107. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

108. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

109. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

110. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

111. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

112. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

113. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

  a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

  c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

  d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

  e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

  f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

  g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

  h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

114. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

115. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

116. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## <u>FIFTH CAUSE OF ACTION</u>
### (Willful Violation of the FCRA as to Pelican)

117. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

118. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

119. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

120. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

121. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

122. The Defendant Pelican violated 15 U.S.C. § 1681s-2 by failing to fully and improperly investigate the disputes of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

123. Specifically, the Defendant Pelican continued to report multiple accounts on the Plaintiff's credit report after being notified of her disputes regarding the inaccurate and materially misleading account information.

124. As a result of the conduct, action and inaction of the Defendant Pelican, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

125. The conduct, action and inaction of Defendant Pelican was willful, rendering Defendant Pelican liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

126. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Pelican in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant Pelican for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Pelican)

127. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

128. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

129. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

130. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

131. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

132. Defendant Pelican is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

133. After receiving the Dispute Notices from the Bureaus, Defendant Pelican negligently failed to conduct its reinvestigation in good faith.

134. A reasonable investigation would require a furnisher such as Defendant Pelican to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

135. The conduct, action and inaction of Defendant Pelican was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

136. As a result of the conduct, action and inaction of the Defendant Pelican, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

137. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Pelican in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant Pelican, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Discover)

138. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

139. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

140. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

141. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

142. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

143. The Defendant Discover violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

144. Specifically, the Defendant Discover continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

145. As a result of the conduct, action and inaction of the Defendant Discover, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

146. The conduct, action and inaction of Defendant Discover was willful, rendering Defendant Discover liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

147. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant, Discover, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Discover)

148. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

149. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

150. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

151. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

152. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

153. Defendant Discover is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

154. After receiving the Dispute Notice from Equifax, Defendant Discover negligently failed to conduct its reinvestigation in good faith.

155. A reasonable investigation would require a furnisher such as Defendant Discover to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

156. The conduct, action and inaction of Defendant Discover was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

157. As a result of the conduct, action and inaction of the Defendant Discover, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

158. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant, Discover, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to TD)

159. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

160. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

161. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

162. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

163. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

164. The Defendant TD violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

165. Specifically, the Defendant TD continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

166. As a result of the conduct, action and inaction of the Defendant TD, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

167. The conduct, action and inaction of Defendant TD was willful, rendering Defendant TD liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

168. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant TD in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant TD for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to TD)

169. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

170. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

171. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

172. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

173. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

174. Defendant TD is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

175. After receiving the Dispute Notices from Equifax, Defendant TD negligently failed to conduct its reinvestigation in good faith.

176. A reasonable investigation would require a furnisher such as Defendant TD to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

177. The conduct, action and inaction of Defendant TD was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

178. As a result of the conduct, action and inaction of the Defendant TD, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

179. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant TD in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Casey Weigand, an individual, demands judgment in her favor against Defendant TD, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

180. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681(o)(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

December 7, 2021

*/s/ David S. Moyer*
David S. Moyer, Esq.
David S. Moyer, LLC
13551 River Road

Luling, LA 70070
Tel: 985-308-1509
Fax: 985-308-1521
davidmoyerlaw@gmail.com


/s/ Yaakov Saks
**Stein Saks, PLLC**
By:  Yaakov Saks
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com
Pro Hac Vice Pending